IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Ray Mitchell, | ) | C/A No. 0:11-2860-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Donald Keith Lewis and Leon Lott "in charge," | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Kenneth Ray Mitchell, ("Plaintiff"), proceeding <u>pro se</u>, brings this civil action pursuant to 42 U.S.C. § 1983.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff is a local prisoner and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**INITIAL REVIEW GENERALLY**

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  <u>See</u> <u>Jennings v. Davis</u>, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  <u>See</u> <u>McKnight v. Rees</u>, 88 F.3d 417(6th Cir. 1996).  To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>see</u> <u>Hall v. Quillen</u>, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



governmental entity."[2]  The *in forma pauperis* statute authorizes the District Court to

dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which

relief may be granted.   28 U.S.C. §1915(e)(2)(B)(i) and (ii).   As a *pro se* litigant, the

plaintiff's pleadings are accorded liberal construction and held to a less stringent standard

than formal pleadings drafted by lawyers.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(per curiam).   The requirement of liberal construction does not mean that the court can

ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a

federal district court.   Weller v. Dep't of Soc. Serv., 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff's Complaint in this case (ECF No. 1), filed on October 20, 2011, names

Assistant Sheriff Donald Keith Lewis of Fairfield County and Sheriff Leon Lott of Richland

County as defendants.  On the complaint form, in response to the question "What are the

issues that you are attempting to litigate in the above-captioned complaint?," Plaintiff

---

[2]  Plaintiff alleges that he is confined in Richland County's Alvin S. Glenn Detention
Center in Columbia, South Carolina.  (ECF No. 1 at 2.)  Although Plaintiff's Complaint
makes no mention of it, the court takes judicial notice that, according to the Richland
County Fifth Judicial Circuit Court's Public Index web site, Plaintiff is charged with
possession of a stolen vehicle (case number: M723879; arrest date: 07/13/2011;
indictment number: 2011GS4004318; true bill date: 09/08/2011).  Plaintiff also has a
pending Richland County General Sessions Court charge of assault of a high
and aggravated nature (case number: I938379; arrest date: 08/22/2010;
indictment number: 2011GS4000363; true bill date: 01/19/2011).   See
http://www4.rcgov.us/PublicIndex/Default.aspx (last visited November 16, 2011); Colonial
Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most
frequent use of judicial notice is in noticing the content of court records.'").  The court also
takes judicial notice that, according to the Alvin S. Glenn Detention Center's Offender
Information web site, Plaintiff was booked into the facility on 07/13/2011 and is being held
in lieu of a $25,000 surety bond.  See https://jail.richlandonline.com/public/default.aspx
(last visited November 16, 2011).  See Williams v. Long, 585 F.Supp.2d 679, 687-88 (D.
Md. 2008) (collecting cases in which courts have found postings on government web sites
as inherently authentic or self-authenticating).



states:  "All U.S. Civil Rights and U.S. Constitutional Rights and S.C. Constitutional Rights Fully Violation upon me."  (ECF No. 1at 2.)  Plaintiff's "statement of claim" consists of a rambling, three-page narrative describing some of the troubles that he has allegedly encountered with his mother, sister, and a friend of his sister since Plaintiff moved to South Carolina in 2008.  Plaintiff alleges that, on January 1, 2010, he was "havening big trouble out of all in Winnsboro, S.C. cops by harrassement, sheriffs, by orders of my sister/Gloria/Lewis, and others not known by me, as well!"  (ECF No. 1 at 3.)  Plaintiff alleges that his sister was stealing his belongings to force Plaintiff to move out of the apartment he was sharing with his mother.  Plaintiff alleges that he called the Fairfield County Sheriff's Department ("FCSD") and "they inform me my mother has to complain about this."  (Id.)  Plaintiff alleges that "Earic White showed up" (presumably an officer with the FCSD) who "tolded me there is nothing he can do legally, or me except file a restraining order on her only!  I said, not on my family!"  (Id.)  Plaintiff alleges that, on January 18, 2010, his mother "blows up by orders of Kathy [Owens, the owner of the apartment] on me she goes stupied and cursed me out fully!  I said, fine I'll wait for the sheriff's outside."  (Id.)  Plaintiff alleges that Victor Hendrick (whom Plaintiff alleges was an officer of the FCSD at the time) and "four sheriff cars showed up," but "nothing got done the way they planed it."  (ECF No. 1 at 4.)  Plaintiff alleges that, on January 19, 2010, his mother, Kathy Owens, and Wanda Rankin "goes in front of Judge Chief Pope in Fairfield Co." (presumably Fairfield County Chief Magistrate William F. Pope), who told Plaintiff, "I leave it to your family what happen to you!"  (Id.)  Plaintiff alleges that his sister, Gloria Blackwell, told him "too leave her apt."  (Id.)  Plaintiff alleges that Mr. Hendrick "tell's me they broke the law!  But Chief Lewis is ridening him hard too!  So now I move out of

*P J G*

Winnsboro, SC to Blythewood, SC only too get more harassement's by Richland County

Sheriff's too, orderds by Lewis untolded also by Kathy Owens!"  (Id.)  Plaintiff alleges:

> She told me how much does it coast me for you too leave my state!  You do
> not own this state! Ho what, you'll learn!  The hard way! So I come from hard
> knocks in life.  What of it! Anyways to cut it short!  They have harassed me
> into jail even!  Okey!  Let's call witnesses and go to a trial okey as soon as
> possible.  I'll tell on both Leon Lotts bunch/Lewis bunch crooks!

(Id.)  On the complaint form, in response to the instruction "[s]tate briefly and exactly what

you want the court to do for you," Plaintiff states:

> I seek a full federal law suit upon both Leon Lott/Sheriff Richland, Co. Donald
> Keith Lewis Chief Sheriff of Fairfield Sheriff Fairfield Co.  And they have lost
> the proction of immunities by bustening there own "jurisitions" by color of law
> I say! . . . My smiple relief is lets clean up Richland Co's and drug infessted
> Fairfield Co's fully so I wish too help and you can help me overcome a lot of
> problems too!  I explain face to face!  Thats my relief a great place to life,
> and liberties to live safe!  And truth will be known!  Fully so.  Your call.  Now
> I await your reply all will be in order!  God.

(ECF No. 1 at 5.)

## DISCUSSION

The Complaint in this case is subject to summary dismissal because it is in violation

of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short

and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's

claims against Defendants.  Plaintiff has also failed to specifically request any relief or to

suggest to this court any remedy which the court is capable of granting.  Plaintiff's

Complaint simply states that Plaintiff "seek[s] a full federal law suit upon" the defendants

to "clean up Richland Co's and drug infessted Fairfield Co's fully so I wish too help and you

can help me overcome a lot of problems too! . . . Thats my relief a great place to life, and

liberties to live safe!  And truth will be known!  Fully so." (ECF No. 1 at 5.)  The filing of a



lawsuit is not, itself, a remedy.  If it were possible for the court to find that Plaintiff's rights have been violated but order no remedy, the court would, in effect, be rendering an advisory opinion.  Such action is barred by Article III of the Constitution.  Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Boston Chapter, NAACP v. Beecher, 716 F.2d 931, 933 (1st Cir. 1983); see Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions).  Even if Plaintiff's assertion that he wants help "to clean up" Richland Co's and drug infessted Farfield Co's fully" is liberally construed as an attempt to request mandamus-type relief, this court is has no jurisdiction to grant such relief.  It is well settled that a writ of mandamus[3] is a drastic remedy which is used by courts only in "exceptional circumstances."  The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction.  See 28 U.S.C. § 1361; Gurley v. Super. Ct. of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969).  A federal district court may issue a writ of mandamus *only against an employee or official of the United States.*  Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); see also In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases); In re Carr, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986) (unpublished opinion) (same).

---

[3]  See Black's Law Dictionary (8th ed. 2004) (mandamus: "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.")



The Complaint fails to reasonably inform the defendants of the asserted cause(s) of action against them.  See Brown v. Califano, 75 F.R.D. 497 (D. D.C. 1977).  Plaintiff's narrative alleges only: "Okey on Jan. 1 - 2010 I'm havening big trouble out of all in Winnsboro, S.C. cops by harrassement, sheriffs, by orders of my sister/Gloria/Lewis, and others not known by me, as well!"  (ECF No. 1 at 3).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  Id.  It requires the plaintiff to articulate facts that, when accepted as true, show that the plaintiff has stated a claim entitling him to relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 557).  At most, Plaintiff's allegation of "harassement" merely attributes, in purely conclusory fashion, alleged unspecified wrongful actions of named and unnamed individuals to Defendant Lewis and the County of Fairfield.  The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); see also Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009) (citing Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999)).

With respect to Plaintiff's assertion that his sister was stealing his belongings to force him to move out, Plaintiff alleges: "So I call sheriff they inform me my mother has to complain about this I said she will too! Next her friend Lewis tells me, I just need to talk too her and setting it right!"  (ECF No. 1 at 3.)  Plaintiff does not have a constitutional right to,



or, in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person or entity.  See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005) (citing DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189 (1989)).  The general public's benefit of discretionary police protection and enforcement of the law does not confer upon a private citizen a constitutionally protected individual entitlement to a law enforcement investigation of his claims, and therefore cannot give rise to a constitutionally protected property interest.  Harrington v. Cnty. of Suffolk, 607 F.3d 31, 35 (2nd Cir. 2010) (quoting Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982)).  As the United States Court of Appeals for the Fourth Circuit recently explained in Doe v. S.C. Dep't of Soc. Servs., 597 F.3d 163 (4th Cir 2010):

> As a general rule, "the Due Process Clause works only as a negative prohibition on state action," Pinder v. Johnson, 54 F.3d 1169, 1174 (4th Cir. 1995) (en banc), and the state's "failure to protect an individual against private violence simply does not constitute a violation of [it]," DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 197 (1989).  "Its purpose was to protect the people from the State, not to ensure that the State protected them from each other."  Id. at 196.  Thus, it "serves 'as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security,'" Patten v. Nichols, 274 F.3d 829, 836 (4th Cir. 2001) (quoting DeShaney, 489 U.S. at 195), and "does not require governmental actors to *affirmatively* protect life, liberty, or property against intrusion by private third parties," Pinder, 54 F.3d at 1174 (emphasis added); see Patten, 274 F.3d at 836 ("[T]he clause 'confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.'" (quoting DeShaney, 489 U.S. at 196)).  And, because "the Due Process Clause does not require the State to provide its citizens with



particular protective services, it follows that the State cannot be held liable
under the Clause for injuries that could have been averted had it chosen to
provide them." <u>DeShaney</u>, 489 U.S. at 196-97.

<u>Doe v. S.C. Dep't of Soc. Servs</u>., 597 F.3d at 170-71.  In the absence of allegations that

protective services such as criminal investigations and charges are being withheld solely

for an illegally discriminatory reason, a private citizen may not bring suit under § 1983

based on the alleged failure of law enforcement or prosecuting authorities to charge or

prosecute certain other private citizens criminally.

Plaintiff alleges that, on January 18, 2010, he had an argument with his mother and

"four sheriff cars showed up."  (ECF No. 1 at 4-5.)  However, Plaintiff makes no allegation

of any wrongdoing on the part of the defendants, personally, or by either of their respective

sheriff's departments on that occasion.

Plaintiff alleges that, after the January 19, 2010 hearing in Fairfield Magistrate's

Court, "Victor [allegedly a FCSD officer at the time] tell's me they broke the law!  But Chief

Lewis is ridening him hard too!"  (ECF No. 1 at 4.)  Again, Plaintiff's unspecified, vague,

conclusory assertion fails to state a plausible claim of violation of Plaintiff's constitutional

rights.  Even if a plausible claim could be discerned, the defendants could not be held

responsible for any actions taken or not taken by the Fairfield County Magistrate's Court.

It can be judicially noticed that, in South Carolina, a county's authority over courts within

its boundaries was abolished when Article V of the Constitution of the State of South

Carolina was ratified in 1973.  <u>See</u> Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of

the Constitution of the State of South Carolina; <u>State ex rel. McLeod v. Civil and Criminal

Court of Horry Cnty.</u>, 217 S.E.2d 23, 24 (1975).  Under the current version of Article V,

Section 1, the Supreme Court of South Carolina retains the sole authority to supervise the



state's magistrate's courts, and all other courts in the state's unified judicial system. <u>See</u> <u>Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett</u>, 370 S.E.2d 872, 875-76 & n.1 (1988). Defendants exercise no administrative or supervisory authority over the magistrates' courts, or any other courts of the State of South Carolina located within the geographical boundaries of Fairfield and Richland Counties. Consequently, the defendants cannot be held responsible for any alleged violations of Plaintiff's rights by such courts.

Finally, Plaintiff alleges, "So now I move out of Winnsboro, SC to Blythewood, SC only too get more harassement's by Richland County Sheriff's too, orderds by Lewis untolded also by Kathy Owens! . . . They have harassed me into jail even!" (ECF No. 1 at 4.) A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1948 (2009). As the <u>Iqbal</u> Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." <u>Id</u>. at 1949. Indeed, the dissent in <u>Iqbal</u> opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." <u>Id</u>. at 1957 (Souter, J., dissenting). Moreover, even if the majority in <u>Iqbal</u> did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. <u>See</u> <u>Carter v. Morris</u>, 164 F.3d 215, 221 (4th Cir. 1999); <u>Shaw v. Stroud</u>, 13

F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

Plaintiff's Complaint makes no specific factual allegations that either of the named defendants personally caused any harm to Plaintiff through any alleged deliberate indifference to, or affirmative violation of, Plaintiff's constitutional rights.  There are no specific factual allegations that the defendants had any actual or constructive knowledge that Plaintiff was exposed any such alleged harassment by unnamed members of the Fairfield or Richland County Sheriff's Departments.  There are no allegations that such conduct was established as a custom or policy by Defendants, or was deliberately disregarded by Defendants, or was the result of the defendants' negligent training or supervision of their subordinates, so as to allege that the defendants had the requisite culpable state of mind to establish their liability under § 1983 for Plaintiff's alleged harassment.  In short, Plaintiff does not allege any facts to show the existence of an affirmative causal link between any alleged injury to Plaintiff and any action or inaction on the part of the defendants, to show that these defendants should be liable under § 1983. In fact, Plaintiff's Complaint makes no factual allegations whatsoever concerning Defendant Lott except to assert that Plaintiff will "tell on both Leon Lotts bunch/Lewis bunch crooks!"  (ECF No. 1 at 4.)  There are no specific allegations of either the defendant's involvement in, or knowledge of, any alleged violation of Plaintiff's constitutional rights.  As a result of the vague and disjointed narrative in Plaintiff's Complaint, it is impossible for this Court to determine if Plaintiff can present any plausible allegation of a constitutional violation with respect to the defendants. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim,



the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted).  Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." Id. at 405 n.9 (internal quotation marks and citations omitted and alterations in original).[4]  Although this court is bound to liberally construe Plaintiff's pro se complaint, Plaintiff must do more than make mere conclusory statements to support his claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995); see Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").  Due to the lack of factual allegations of specific wrongdoing attributable to specific defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990) (dismissal proper where

---

[4] The Supreme Court in Iqbal, and the Fourth Circuit in Trulock, addressed pleading standards in the procedural context of a Rule 12(b)(6) motion.  However, this court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions.  Iqbal, 129 S. Ct. at 1949-51.  Moreover, §§ 1915(e)(2) and 1915A(b) permit sua sponte dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").



there were no allegations against defendants); <u>see</u> <u>also</u> <u>Inmates v. Owens</u>, 561 F.2d 560,

562-63 (4th Cir. 1977) (dismissing a <u>pro</u> <u>se</u> complaint for improper pleading); <u>Holsey v.</u>

<u>Collins</u>, 90 F.R.D. 122, 128 (D. Md. 1981).

## RECOMMENDATION

Accordingly, the court recommends that Plaintiff's Complaint in the above-captioned

case be summarily dismissed, without prejudice and without issuance and service of

process.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(B)(1).


Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 4, 2012
Columbia, South Carolina


*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).